**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

MICHAEL W. KATELY                              CIVIL ACTION NO. 11-2043-P

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

LOUISIANA DEPARTMENT OF                        MAGISTRATE JUDGE HORNSBY
CORRECTIONS, ET AL.

**MEMORANDUM RULING**

Before the court is the Report and Recommendation of the Magistrate Judge (Record Document 6) and the written objections (Record Document 7) filed by Plaintiff Michael W. Kately ("Kately"). In his objections, Kately contends that he "followed proper procedures" and "filed a ARP." Record Document 7. He also asks for appointed counsel. See id. Kately's objections do not address or discuss prescription. See id.

The Court finds that Kately's objections do nothing to alter the accuracy of the Magistrate Judge's proposed findings, conclusions and recommendations set forth in the Report and Recommendation. Additionally, Kately's request for appointed counsel fails. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d. 405 (5th Cir. 1985). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors:  the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case;

the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the plaintiff, the court and the defendants by "shortening the trial and assisting in just determination."  Parker v. Carpenter, 978 F.2d. 190 (5th Cir. 1992), citing Murphy v. Kellar, 950 F.2d. at 293, n.14.   Here, Kately simply has not shown "exceptional circumstances," as the prescription issue in this matter is not complex and there is no conflicting evidence as to the key dates in this matter: the alleged denial of medication in December 2006 to January 2007 and the filing of the complaint in September-November 2011, four years later.  Kately's request (Record Document 7) for appointment of counsel is **DENIED**.

Accordingly,

**IT IS ORDERED** that Kately's civil rights complaint is **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this 29th day of October, 2012.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE